AULTMAN AND TAYLOR MANUFACTURING COMPANY

v.

MARTIN A. JOY.

1. FRAUDULENT CONVEYANCE—CROSS-EXAMINATION OF PARTY—INQUIRY AS TO SOURCE OF MONEY CLAIMED TO HAVE BEEN PAID.—In a case where the claimant of property sought to be reached by creditors is a minor son, who claims to have purchased from his father real and personal estate on which he has paid over $6,000, it is competent to ask the claimant from whom

A. & T. Mf'g Co. v. Joy.

and how he obtained the money to make such payment, and his answers to such questions should be given without equivocation or evasion.

2. Deposition—Suppressing.—A refusal to answer freely questions relating to the source from which the claimant obtained the money alleged to have been paid, in such cases, is sufficient ground for suppressing the deposition of the claimant.

Appeal from the Circuit Court of McLean county; the Hon. Owen T. Reeves, Judge, presiding. Opinion filed June 21, 1881.

Mr. Walter M. Hatch, for appellant; that where a party in interest, whose deposition is being taken on his own behalf, fails or refuses to answer material questions upon cross-examination, such deposition may be suppressed, cited Cole v. Choteau, 18 Ill. 439.

The official character of a notary in a foreign state must be certified to: Rev. Stat. Chap. 51, § 30; Keefer v. Wood, 36 Ill. 406.

The deposition and all its parts must be signed by the witness: Rev. Stat. Chap. 51, § 30; Eisenmeyer v. Sauter, 77 Ill. 515.

When a bill of sale of personal property sold is made, it is the only evidence of such sale: Dunn v. Hewett, 2 Denio, 637.

Contents of a written instrument cannot be shown by parol without first proving loss of the writing: Keely v. Ord, 1 Dallas, 310; Matteson v. Noyes, 25 Ill. 591; Ellis v. Hough, 29 Ill. 449.

Instructions should not call attention to particular portions of the testimony: Homes v. Hale, 71 Ill. 552; Hewitt v. Johnson, 72 Ill. 513; Hatch v. Marsh, 71 Ill. 370; Ogden v. Kirby, 79 Ill. 555.

Instructions should not be argumentative: Merritt v. Merritt, 20 Ill. 65; Thorp v. Goeway, 85 Ill. 612; Ludwig v. Sager, 84 Ill. 99; Keeler v. Stuppe, 86 Ill. 311.

Fraud may be inferred from the circumstances of the particular case: Bryant v. Simoneau, 51 Ill. 324; Reed v. Noxon, 48 Ill. 323; Gill v. Crosby, 63 Ill. 190; Rothgarber v. Gough, 52 Ill. 436.

A party cannot manufacture evidence for himself: Ryan v. Brant, 42 Ill. 78; Morgan v. Peet, 32 Ill. 281; Walmsley v. Robinson, 63 Ill. 41; Collins v. Waters, 54 Ill. 485; Cottom v. Holliday, 59 Ill. 176.

Mr. IRA J. BLOOMFIELD, for appellee; that a party claiming to hold property by virtue of executions must show that the executions were issued upon valid judgment, cited Johnson v. Hollaway, 80 Ill. 334; Herman on Executions, 217; Sheldon v. VanBuskirk, 2 N. Y. 477; Lake v. Billers, 2 Ld. Raymd. 733; Martin v. Podger, 5 Burr. 2631; High v. Wilson, 2 Johns. 4; Damon v. Bryant, 3 Pick. 413; Savage v. Smith, 2 Wm. Black. 1104; Stephens v. Frazier, 2 B. Mon. 250.

Fraud is never presumed: Bump's Fraudulent Conveyances, 581; Reed v. Noxon, 48 Ill. 323.

To impeach a sale of personal property it must be shown that both vendor and vendee intended to delay creditors: Brown v. Riley, 22 Ill. 40; Myers v. Kinzie, 26 Ill. 36; Gridley v. Bingham, 51 Ill. 153.

A dedimus may issue to a particular person by name or to any of certain officers named: Brown v. Luehrs, 79 Ill. 575.

No objection was made that the signatures to instruments offered were not properly proven, and it is therefore waived: Wilson v. King, 83 Ill. 232; Wickenkamp v. Wickenkamp, 77 Ill. 92.

Relatives may trade with each other as well as strangers: Waterman v. Donalson, 43 Ill. 29.

DAVIS, J. This was a trial of right of property in the county court, and taken by appeal to the circuit court. The jury found the property to belong to the claimant, Martin A. Joy, and judgment having been rendered against appellant for costs, this appeal was taken to reverse the same.

Before the trial a motion was made by appellant to suppress the deposition of Martin A. Joy, for various reasons given, only one of which we deem it necessary to notice, and that is, that he failed and refused to answer several of the cross-interrogatories propounded to him by appellant, among which was the

31st, as follows: "From whom did you get the money you have paid on said real estate since the conveyance to you, and where did you get it"? "Where did such party then live, and where does he now live"? "Ans.—When the land was conveyed to me I got no money from any one for that purpose."

The court below overruled the motion and permitted the deposition to be read to the jury. In this we think the court erred.

The property in controversy, with other personal and real estate, had belonged to William Joy, the father of appellee. In the spring of 1879, appellee, who was then between nineteen and twenty years old, claimed to have purchased the personal property of his father for eleven hundred dollars. About the same time William Joy conveyed to appellee 160 acres of land in McLean county. The title was in the father, but appellee claimed that the real purchase was made of W. F. Joy, of California. The price agreed to be paid by appellee was $6,000, all of which he claimed to have paid except $1,200. Executions were issued on judgments obtained by appellant against Wm. Joy, and the latter was in possession of the personal property claimed to have been sold by him to appellee, when it was taken on the executions so issued.

Appellant was seeking, by his cross-interrogatories, to obtain answers which would show, or tend to show, that the sale of the personal property from the father to the son, and also the conveyances of the land from the father, were fraudulent and void; and in a case like this, where the claimant is a minor and claims to have purchased from his father personal and real estate, on which he has paid over $6,000, he should answer freely and fairly and without equivocation or evasion, the questions put to him, from whom and when and where he received the money he claims to have paid.

This, we think, he failed to do, and for that reason his deposition should not have been permitted to be read to the jury. For this error the judgment must be reversed and the cause remanded.

Judgment reversed.